Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CHRISTIE DÍAZ MALDONADO<br><br>Apelada<br><br>V.<br><br>PARQUE DEL MONTE HOMEOWNERS ASSOCIATION, INC.<br><br>Apelante | KLAN202400457 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2022CV02791<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 22 de agosto de 2024.

El 8 de mayo de 2024, compareció ante este Tribunal de Apelaciones, Parque del Monte Homeowners Association Inc. (en adelante, PMHOA o parte apelante), por medio de *Apelación.* Mediante esta, nos solicita que revisemos la *Sentencia* emitida y notificada el 12 de marzo de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la *Moción de Sentencia Sumaria sobre Nulidad de Enmiendas al Reglamento de la Asociación de Residentes Parque del Monte HOA* presentada por la Sra. Christie Díaz Maldonado (en adelante, señora Díaz Maldonado o parte apelada).

Por los fundamentos que en adelante se esbozan, se *desestima* el recurso de epígrafe por haber sido presentado de forma prematura.

### I

Tal y como expresamos previamente, en atención al recurso KLAN202300068, el caso que nos ocupa tuvo su origen el 25 de

agosto de 2022, mediante la presentación una *Demanda* por parte de la señora Díaz Maldonado, sobre sentencia declaratoria al palio de la Regla 59 de las Reglas de Procedimiento Civil[1]. En la aludida *Demanda*, peticionó al foro primario que: 1) se declararan nulas las enmiendas al Artículo II, Sección 1 H y Sección 7 del Reglamento de la Asociación de Residentes de Parque del Monte Homeowners Association (en adelante, Reglamento de la Asociación de Residentes), las cuales prohíben los arrendamientos con términos menores de noventa (90) días; y, (2) se declarara que los alquileres (arrendamientos) residenciales a corto plazo no violan la cláusula de la Escritura de Condiciones Restrictivas, que dispone que las viviendas deben ser utilizadas para fines residenciales exclusivamente.

PMHOA presentó el 27 de octubre de 2022, una *Moción de Desestimación* en la que planteó que la demanda tal y como estaba redactada, dejaba de exponer la concesión de un remedio bajo la normativa jurídica vigente. El 23 de diciembre de 2022, la señora Díaz Maldonado presentó su *Oposición a Moción de Desestimación.*

El 27 de diciembre de 2022, el foro *a quo* ordenó a las partes la presentación de un memorando de derecho. En cumplimiento con lo ordenado, el 2 de enero de 2023, PMHOA presentó una *Moción en Cumplimiento de Orden y Reiterando Solicitud de Desestimación.*

Por su parte, la señora Díaz Maldonado, hizo lo propio el 9 de enero de 2023 y presentó una segunda *Oposición a Moción de Desestimación,* y una *Moción en Cumplimiento de Orden.*

Atendidos los escritos de las partes, el 10 de enero de 2023, el foro primario emitió *Sentencia* mediante la cual desestimó con perjuicio la *Demanda,* al amparo de la Regla 10.2 (5) de las Reglas de Procedimiento Civil[2].

---

[1] 32 LPRA Ap. V, R. 59.
[2] 32 LPRA Ap. V, R. 10.2 (5).

En desacuerdo con el aludido dictamen, el 24 de enero de 2023, la señora Díaz Maldonado acudió ante este foro revisor intermedio mediante recurso de *Apelación,* el cual acogimos como *Certiorari.[3]* Por su parte, PMHOA presentó la *Oposición Expedición al Recurso de Apelación Civil* el 14 de febrero de 2023.

Acaecidos los trámites reglamentarios de rigor, el 25 de abril de 2023, emitimos *Sentencia,* en la que devolvimos el caso al foro primario para la continuación de los procedimientos, de conformidad con lo allí resuelto, y específicamente, para que resolviera la controversia sobre si las enmiendas al Reglamento de la Asociación de Residentes son nulas, por no haber sido aprobadas de forma unánime por los titulares y porque no constan en escritura pública inscrita en el Registro de la Propiedad.

En desacuerdo con nuestro dictamen, la parte apelante acudió ante el Tribunal Supremo mediante recurso de *Certiorari,* el cual fue denegado.

El 8 de diciembre de 2023, la señora Díaz Maldonado interpuso ante el foro primario *Moción de Sentencia Sumaria sobre Nulidad de Enmiendas al Reglamento de la Asociación de Residentes Parque del Monte HOA.*

El 11 de diciembre de 2023, el Juzgador de instancia emitió *Orden* mediante la cual dispuso lo siguiente:

> LA ESCRITURA MATRIZ EN CONTROVERSIA ES ANTERIOR AL CÓDIGO CIVIL DE 2020. SE CONCEDEN 20 DÍAS A LA PARTE DEMANDANTE PARA QUE CONFORME LA SECCION

---

[3] En esencia, planteó que incidió el foro primario al: *i)* al determinar que los arrendamientos a corto plazo constituyen un uso comercial de una vivienda, a pesar de que la Escritura de Condiciones Restrictivas no prohíbe de manera específica los arrendamientos a corto plazo; y, que las enmiendas al Reglamento de Parque del Monte HOA, prohibiendo ese tipo de arrendamiento, son nulas por no haber sido aprobadas unánimemente por los titulares, y no constar en escritura pública inscrita en el Registro de la Propiedad; *ii)* al desestimar la demanda, a pesar de que el alquiler a corto plazo de una vivienda no altera su destino de uso residencial, si esta continúa siendo utilizada como vivienda -como sucede en el caso de autos- y no como establecimiento dedicado a la venta de productos o servicios; y *iii)* al no garantizar el debido proceso de ley de la parte apelante por no evaluar la solicitud de sentencia sumaria del 28 de diciembre de 2023 ni emitir determinaciones de hecho y conclusiones de derecho, lo que llevó a una interpretación inadecuada de la cláusula específica de la escritura de condiciones restrictivas relativa a l uso residencia y unifamiliar de las villas que componer el complejo Parque del Monte.

DE DERECHO APLICABLE CONTENIDA EN LA SOLICITUD DE SENTENCIA SUMARIA A LAS DISPOSICIONES DEL CÓDIGO CIVIL DE 1930. DEBERÁ ADEMÁS ANALIZ[A]R EL SIGNAFICADO Y EL ALCANCE DEL TÉRMINO "RESIDENCIAL" USADO EN LA ESCRITURA MATRIZ.

El 20 de diciembre de 2023 compareció la parte apelada mediante *Moción en Cumplimiento de orden y Reiterando Moción de Sentencia Sumaria.*

El **28 de diciembre de 2023** la parte apelante interpuso ante el foro primario ***Réplica a Sentencia Sumaria y para que se dicte Sentencia Sumaria a Favor de la Parte Demandada***.

El 11 de enero de 2024, el foro primario emitió una *Orden* con relación a la sentencia sumaria (entrada en SUMAC 37), que en lo particular, dispuso:

EL TRIBUNAL CONSIDERA LA SOLICITUD DE SENTENCIA SUMARIA PRESENTADA POR LA PARTE DEMANDADA COMO SOMETIDA PARA SU RESOLUCIÓN.

El 17 de enero de 2024, la parte apelada incoó ante el foro primario *Contestación a Réplica y Oposición a Moción de Sentencia Sumaria.*

El 12 de marzo de 2024, el foro de primera instancia emitió la *Sentencia* apelada, en la cual dispuso lo siguiente:

El 8 de diciembre del año pasado la parte demandante Christie Díaz Maldonado (Díaz Maldonado) solicitó que se dicte sentencia sumaria a su favor declarando nulas las enmiendas al reglamento de la urbanización Parque del Monte que fueron aprobadas por una mayoría titulares que asistieron a la asamblea que se celebró el 15 de septiembre de 2021, específicamente a las secciones 1 y 7 contenidas en el Artículo II de éste. La parte demandada se opuso oportunamente a lo solicitado mediante escrito presentado el 28 de diciembre de 2023.

La Regla 42.2 de Procedimiento Civil dispone que en los pleitos en los que se declare ha lugar totalmente una moción presentada al amparo de las Reglas 10, 36.1 ó 36.2 de Procedimiento Civil no será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho. Véase William Pérez Vargas v. Office Depot / Office Max, Inc. 2019 TSPR 227.

<u>Sentencia sumaria</u>

Conforme lo anterior, este Tribunal declara ha lugar la sentencia sumaria que Díaz Maldonado presentó el 8 de diciembre del 2023, en consecuencia, declara Ha lugar la demanda de autos y declara nulas las enmiendas a las secciones 1 y 7 del capítulo II del reglamento de la urbanización Parque del Monte que una mayoría de los titulares asistentes aprobó en la asamblea que se celebró el 15 de septiembre de 2021.

Insatisfecha con el referido dictamen, la parte apelante presentó *Moción en Solicitud de Determinaciones de Hechos y Conclusiones de Derecho Iniciales y/o Adicionales al Amparo de la Regla 43.1 y 43.2 y Reconsideración.*

A la aludida moción se opuso la parte apelada mediante *Oposición a Moción de Determinaciones de Hechos y Conclusiones de Derecho Adicionales.*

Mediante *Resolución* del 7 de abril de 2024, el foro *a quo* determinó lo siguiente:

> EL TRIBUNAL DECLARA NO HA LUGAR LA MOCIÓN EN SOLICITUD DE DETERMINACIONES DE HECHOS Y CONCLUSIONES DE DERECHO INICIALES Y/O ADICIONALES AL AMPARO DE LA REGLA 43.1 Y 43.2 Y RECONSIDERACIÓN QUE LA DEMANDADA PRESENTÓ EL 27 DE MARZO DE 2024.

Aún inconforme, compareció ante este foro revisor la parte apelante mediante el recurso que nos ocupa.

Luego de varias incidencias procesales, innecesarias pormenorizar, el 14 de mayo de 2024, emitimos *Resolución* en la que, entre otros asuntos, ordenamos lo siguiente:

> Examinado el recurso de *Apelación* presentado por la parte apelante el 8 de mayo de 2024, este Tribunal dispone:

> El 25 de abril de 2023, este Tribunal dictó *Sentencia* en el recurso KLAN202300068, relacionado al caso que nos ocupa, en la cual devolvió el caso al Tribunal de Primera Instancia para la continuación de los procedimientos. Específicamente, se le ordenó al foro primario que resolviera la controversia sobre si las enmiendas al Reglamento de la Asociación de Residentes son nulas, por no haber sido aprobadas de forma unánime por los titulares y porque no constan en escritura pública inscrita en el Registro de la Propiedad.

> En total desatención y desapego al Mandato emitido por este foro, notificado el 30 de octubre de 2023, el Juzgador

de instancia dispuso del caso que nos ocupa sumariamente, sin fundamentar su dictamen.

En vista de lo anterior, el foro primario dispone del término improrrogable de **cinco (5) días**, contados a partir de la notificación de esta Resolución para cumplir con lo ordenado por este foro revisor y fundamentar su dictamen.

El 14 de mayo de 2024, la parte apelada incoó *Moción de Reconsideración*, la cual declaramos No Ha Lugar el 16 de mayo de 2024 e instamos al foro de primera instancia a acatar el Mandato previo de este foro revisor.

El 17 de mayo de 2024, el Tribunal de Primera Instancia, en cumplimiento con nuestra *Resolución*, presentó *Comparecencia Especial*, en la cual expuso lo siguiente:

El 14 de mayo de este año el Tribunal de Apelaciones nos ordenó justificar nuestro dictamen en el pleito de epígrafe lo que procedemos a hacer. En cumplimiento con dicha resolución, a continuación, exponemos los fundamentos jurídicos que consideramos sustentan las sentencias que emitimos. Comenzamos con un breve trasfondo del trámite procesal de este caso.

Christie Díaz Maldonado (Díaz Maldonado o la demandante) presentó la demanda de autos el 25 de agosto del año pasado para reclamar que (1) se declararan nulas las enmiendas incorporadas a las secciones 1 y 7 del Artículo II del Reglamento de Parque del Monte Homeowners Association (HOA), así como el Artículo VII(10) del *Addendum* a dicho documento; y que (2) se declarara que los alquileres a corto plazo no infringen las condiciones restrictivas que gravan la urbanización Parque del Monte que exigen que los inmuebles en ella se utilicen exclusivamente para fines residenciales.

En lo pertinente, el 27 de octubre de 2022 HOA solicitó la desestimación de la demanda al amparo de la Regla 10.2(5) de Procedimiento Civil por ésta no exponer una causa de acción que justificara la concesión de un remedio. HOA argumentó, entre otras cosas, que el alquiler a corto plazo es una actividad comercial que no es compatible con el uso residencial al que deben estar destinados los inmuebles en dicha urbanización de conformidad con las condiciones restrictivas mencionadas. Esto independientemente a las enmiendas al reglamento cuya nulidad se reclamó en la demanda de autos. Los argumentos expuestos por HOA convencieron al tribunal de que los alquileres a corto plazo constituían un uso comercial prohibido en la escritura de condiciones restrictivas que grava los inmuebles sitos en la urbanización Parque del Monte. Destacamos que nuestra determinación se basó principalmente en lo resuelto por el Tribunal Supremo de Puerto Rico en Fernández Martínez v. RAD-MAN,

2021 TSPR 149. En ese caso el tribunal catalogó la actividad de arrendamiento de inmuebles que realizaba Fernández Martínez como una comercial, hecho que, al considerarlo juntamente con otras circunstancias, le permitieron concluir que las actuaciones de éste violaban las condiciones restrictivas que gravaban la urbanización. Por esas razones, al igual que el Tribunal Supremo, concluimos que HOA tenía razón al argumentar que los alquileres a corto plazo constituían un uso comercial no autorizado en la escritura matriz de la urbanización Parque del Monte, por lo que la demanda de Díaz Maldonado debía desestimarse.

Concluimos que dicha determinación ponía fin al pleito y hacía innecesario resolver la controversia relacionada con las enmiendas que incorporaban al reglamento de la urbanización la prohibición de los alquileres a corto plazo. Razonamos implícitamente que una escritura de condiciones restrictivas no puede enmendarse a través de la adopción de un reglamento. Ante estas circunstancias, el 10 de enero del año pasado emitimos la correspondiente sentencia declarando ha lugar la solicitud de desestimación de HOA y desestimando la demanda de epígrafe. En esa sentencia no especificamos los hechos probados ni consignamos separadamente las conclusiones de derecho porque la emitimos al amparo de la Regla 42.2 de Procedimiento Civil que dispone que en los pleitos donde se declare ha lugar totalmente una moción presentada al amparo de las Reglas 10, 36.1 o 36.2 de Procedimiento Civil no será necesario hacerlo.

Díaz Maldonado, insatisfecha con nuestra determinación, recurrió al Tribunal de Apelaciones el cual revocó nuestra sentencia de 10 de enero de 2023. El Tribunal de Apelaciones resolvió que los arrendamientos por menos de 90 días no violan las condiciones restrictivas que gravan los inmuebles en la urbanización Parque del Monte y requieren que éstos sean utilizados para fines residenciales. La determinación del Tribunal de Apelaciones tuvo el efecto de declarar ha lugar la causa de acción que Díaz Maldonado instó en este pleito solicitando una sentencia declaratoria. Por otra parte, ordenó a este tribunal de instancia que continuara los procedimientos para que resolviera la controversia sobre si las enmiendas al reglamento de la urbanización eran nulas por no haberse aprobado unánimemente y por no constar en escritura pública inscrita en el Registro de la Propiedad Inmobiliaria.

El tribunal de instancia en cumplimiento con dicho mandato continuó los procedimientos y atendió la controversia relacionada con las enmiendas al reglamento de la urbanización Parque del Monte. **Hizo esto resolviendo la solicitud de sentencia sumaria que a esos propósitos presentó la Díaz Maldonado el 8 de diciembre de 2023**, luego de tener disponible la postura de la parte demandada al respecto. El tribunal acogió los hechos propuestos en ella como incontrovertidos y quedó convencido que las enmiendas

eran nulas por no haber sido aprobadas unánimemente, requisito indispensable para su validez por éstas tener el efecto de enmendar o modificar la escritura de condiciones restrictivas que grava los inmuebles en la urbanización Parque del Monte. Además, las enmiendas no se elevaron a escritura pública ni fueron inscritas en el Registro de la Propiedad Inmobiliaria, requisito también indispensable para su validez. Véanse los artículos 814 y 818 del Código Civil de 2020, 31 LPRA 8082 y 8086. (*Énfasis suplido*).

El análisis que realizamos nos permitía no sólo adjudicar la controversia que el Tribunal de Apelaciones nos ordenó resolver en su resolución de 14 de mayo de 2024, sino que nos permitía resolver la totalidad del pleito de autos al amparo de la Regla 36.2 de Procedimiento Civil. Por esta razón, el 12 de marzo de este año emitimos sentencia al amparo de la Regla 42.2 de Procedimiento Civil sin especificar los hechos probados ni consignar separadamente las conclusiones de derecho. Esta última regla hace innecesario dicha la formulación de determinaciones de hechos y de conclusiones de derecho, precisamente porque en esas circunstancias el tribunal adopta los hechos incontrovertidos propuestos en la solicitud de sentencia sumaria como suyos. Véase *William Pérez Vargas v. Office Depot / Office Max, Inc.,* 2019 TSPR 227. Fue precisamente en la sentencia sumaria que emitimos el 12 de marzo de este año que cumplimos lo ordenado por el Tribunal de Apelaciones en su resolución de 14 de mayo de este año. En ella declaramos ha lugar la solicitud de sentencia sumaria de Díaz Maldonado y declaramos nulas las enmiendas incorporadas a las secciones 1 y 7 del capítulo II del reglamento de la urbanización por no haber sido aprobadas unánimemente y por no constar en escritura pública inscrita en el Registro de la Propiedad Inmobiliaria.

Consistente con lo anterior, solicitamos al Tribunal de Apelaciones que considere cumplida la orden dirigida al suscribiente en la resolución que emitió el 14 de mayo de este año. Se ordena notificar inmediatamente esta resolución al Tribunal de Apelaciones.

**II**

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020), *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los

tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *MMR Supermarket, Inc. v. Mun. de San Lorenzo*, 210 DPR 271, 289 (2022); *Báez Figueroa v. Administración de Corrección*, 209 DPR 288, 298 (2022); *AFI v. Carrión Marrero*, 209 DPR 1, 4-5 (2022); *Yumac Home Furniture v. Caguas Lumber Yard*, 194 DPR 96, 107 (2015). Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo*, supra; *Baez Figueroa v. Administración de Corrección*, supra; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, supra.

Un recurso tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo*, supra. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante

ese mismo foro, o ante cualquier otro. *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración.[4] *Íd.*

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, supra. *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. A.A.A.*, supra, pág. 674.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[5], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Sentencia Sumaria

La sentencia sumaria es un mecanismo procesal disponible en nuestro ordenamiento que nos permite resolver controversias sin que se requiera llegar a la etapa de juicio.[6] *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964 (2022); *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023); *Birriel Colón v. Econo y Otros*, 2023 TSPR 120, 213 DPR ___ (2023) *Delgado Adorno v. Foot Locker Retail*, 208 DPR 622 (2022). La sentencia sumaria está regida por la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, la cual desglosa los requisitos específicos con los que debe cumplir esta

---

[4] *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).
[5] 4 LPRA Ap. XXII-B, R. 83.
[6] *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021); *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 808 (2020).

norma procesal. *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 224 (2015).

Como es sabido, en nuestro ordenamiento jurídico, el mecanismo de la sentencia sumaria está regido por la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, la cual desglosa los requisitos específicos con los que debe cumplir esta figura procesal. *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 224 (2015). La sentencia sumaria es un mecanismo procesal disponible en nuestro ordenamiento que nos permite resolver controversias sin que se requiera llegar a la etapa de juicio.[7]

Ante la ausencia de una controversia sustancial y real sobre hechos materiales, sólo resta aplicar el derecho pertinente a la controversia. *Velázquez Ortiz v. Gobierno Mun. De Humacao*, 197 DPR 656, 662 (2017); *Lugo Montalvo v. Sol Meliá Vacation*, supra, pág. 225. Cuando se habla de hechos materiales, nos referimos a aquellos que pueden determinar el resultado de la reclamación, de conformidad con el derecho sustantivo aplicable. *Segarra Rivera v. Int'l Shipping et al.*, supra, pág. 980; *Ramos Pérez v. Univisión*, supra. Así pues, el propósito de la sentencia sumaria es facilitar la pronta, justa y económica solución de los casos que no presenten controversias genuinas de hechos materiales. *González Meléndez v. Mun. San Juan et al.*, supra; *Segarra Rivera v. Int'l Shipping et al.*, supra, pág. 979; *SLG Fernández-Bernal v. RAD-MAN et al.*, supra, págs. 334-335; *Roldán Flores v. M. Cuebas, Inc.*, 199 DPR 664, 676 (2018); *Velázquez Ortiz v. Gobierno Mun. De Humacao*, supra, págs. 662-663.

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, detalla el procedimiento que deben seguir las partes al momento de

---

[7] *Birriel Colón v. Econo y Otros*, supra; *González Meléndez v. Mun. San Juan et al.*, supra; *Segarra Rivera v. Int'l Shipping et al.*, supra; *Ramos Pérez v. Univisión*, supra. 178 DPR 200, 213 (2010).

solicitar que se dicte una sentencia sumaria a su favor. A esos efectos, establece que una solicitud al amparo de ésta deberá incluir: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Pérez Vargas v. Office Depot*, 203 DPR 687, 698 (2019); *Rodríguez García v. UCA*, 200 DPR 929, 940-941 (2018).

Cumplidos dichos requisitos, procede dictar sentencia sumaria si, las alegaciones, deposiciones y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia admisible, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material y, además, si el derecho aplicable así lo justifica. 32 LPRA Ap. V, R. 36.3(e); *Birriel Colón v. Econo y Otros*, supra; *González Meléndez v. Mun. San Juan et al.*, supra, págs. 610-611; *Segarra Rivera v. Int'l Shipping et al.*, supra, pág. 980; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013).

Por otro lado, la parte que se opone tiene el deber de hacer referencia a los párrafos enumerados por la parte promovente que entiende que están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. 32 LPRA Ap. V, R. 36.3, *supra*; *Roldán Flores v. M. Cuebas, Inc.*, supra, págs. 676-

677; *SLG Zapata-Rivera v. J.F. Montalvo,* supra, pág. 432. Es decir, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Birriel Colón v. Econo y Otros*, supra; *Roldán Flores v. M. Cuebas, Inc.,* supra. Las meras afirmaciones no bastan. *Ramos Pérez v. Univisión,* supra, págs. 215-216. "Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos, que pongan en controversia los hechos presentados por el promovente". *Ramos Pérez v. Univisión,* supra, pág. 215. (Cita omitida); *Roldán Flores v. M. Cuebas, Inc.*, supra, pág. 677.

La sentencia sumaria no procederá en las instancias que: 1) existan hechos materiales y esenciales controvertidos; 2) haya alegaciones afirmativas en la demanda que no han sido refutadas; 3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o 4) como cuestión de derecho, no proceda. *Serrano Picón v. Multinational Life Ins.*, supra; *SLG Fernández-Bernal v. RAD-MAN*, supra, págs. 335-336.

Por otro lado, la Regla 36.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.5, establece que las declaraciones juradas para sostener u oponerse a la moción de sentencia sumaria deberán estar basadas en el conocimiento personal del declarante y no en prueba de referencia. Es decir, habrán de contener hechos que serían admisibles en evidencia.[8] Dicha Regla lee como sigue:

> Las declaraciones juradas para sostener u oponerse a la moción se basarán en el conocimiento personal del o de la declarante. Contendrán aquellos hechos que serían admisibles en evidencia y demostrarán afirmativamente que el o la declarante está cualificado para testificar en cuanto a su contenido. Copias juradas o certificadas de todos los documentos, o de partes de éstos en que se haga referencia a una declaración jurada, deberán unirse a la misma o notificarse junto

---

[8] Véase, *Corp. Presiding Bishop v. Purcell*, 117 DPR 714 (1986).

con ésta. El tribunal podrá permitir que las declaraciones juradas se complementen o se impugnen mediante deposiciones o declaraciones juradas adicionales. (Énfasis suplido.)

Al interpretar la referida Regla, el Tribunal Supremo de Puerto Rico ha resuelto que "las declaraciones juradas que contienen sólo conclusiones, sin hechos específicos que las apoyen, no tienen valor probatorio, siendo, por lo tanto, insuficientes para demostrar la existencia de lo que allí se concluye". *Roldán Flores v. M. Cuebas, Inc.*, supra. De modo que, para que una declaración jurada sea suficiente, este debe contener, no solo hechos sobre los aspectos sustantivos del caso, sino también, hechos que establezcan que la persona declarante tiene conocimiento personal de lo declarado. *Roldán Flores v. M. Cuebas*, supra, pág. 678.

Al momento de revisar denegatorias o concesiones de una sentencia sumaria, los foros revisores nos encontramos en la misma posición del Tribunal de Primera Instancia, y debemos utilizar sus mismos criterios para evaluarlas. *Serrano Picón v. Multinational Life Ins.*, supra, pág. 993; *González Meléndez v. Mun. San Juan et al*, supra, pág. 611; *Segarra Rivera v. Int'l Shipping et al.*, supra, pág. 981. Nuestro Máximo Foro ha sido claro en que, "[l]os tribunales apelativos estamos limitados a: (1) considerar los documentos que se presentaron ante el foro de primera instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó de forma correcta. *Birriel Colón v. Econo y Otros*, supra; *Segarra Rivera v. Int'l Shipping et al.*, supra.

De acuerdo a lo anterior, el foro apelativo está obligado a examinar *de novo* la totalidad de los documentos incluidos en el expediente de la forma más favorable al promovido. *Birriel Colón v. Econo y Otros*, supra; *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020).

Finalmente, la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, establece que **cuando en virtud de una moción se dicta una sentencia que no dispone de la totalidad del pleito, o cuando se deniega el remedio solicitado, el Tribunal tendrá la obligación de resolver formulando una determinación de los hechos controvertidos e incontrovertidos que sean esenciales y pertinentes.** La mencionada Regla dispone:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, **será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos**, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad.
>
> A base de las determinaciones realizadas en virtud de esta regla el tribunal dictará los correspondientes remedios, si alguno. (Énfasis nuestro.)

En atención a la citada Regla, nuestro Tribunal Supremo ha enfatizado que, ante una moción de sentencia sumaria, los tribunales tienen el deber de establecer los hechos incontrovertibles y los que sí lo están. Tales determinaciones de hechos controvertidos e incontrovertidos facilitan el desfile de prueba, pues los hechos incontrovertidos se dan por probados. Asimismo, colocan a los tribunales apelativos en posición de ejercer su facultad revisora. En *Ramos Pérez v. Univisión,* supra, pág. 221, interpretando nuestro cuerpo de Reglas de Procedimiento Civil, el Tribunal Supremo de Puerto Rico, expresó:

> [A]unque se deniegue la moción, el tribunal deberá establecer los hechos que resultaron incontrovertibles y aquellos que sí lo están. Regla 36.4 de Procedimiento Civil, *supra.* Para ello, podrán utilizar la enumeración que las partes le presentaron. Incluso, la Regla 36.3(b)(3) de Procedimiento Civil, *supra,* requiere que la

parte promovida enumere los hechos que a su juicio no están en controversia. Además, los hechos debidamente enumerados e identificados con referencia a la prueba documental admisible presentados en el caso se darán por admitidos si no son debidamente controvertidos. Regla 36.3(d), *supra.* Todo esto simplificará el desfile de prueba en el juicio, ya que los hechos incontrovertidos se considerarán probados.

## C. *Finalidad de una Sentencia*

La Regla 42.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 42.1, define lo que constituye una sentencia y dispone lo siguiente:

El término **"sentencia"** incluye cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa de la cual pueda apelarse. El término **"resolución"** incluye cualquier dictamen que pone fin a un incidente dentro del proceso judicial. (Énfasis nuestro).

Una sentencia es final y definitiva cuando se resuelve el caso en sus méritos y pone fin al litigio entre las partes mediante una adjudicación final, de tal manera que sólo queda pendiente la ejecución de la sentencia. *Johnson & Johnson v. Mun. de San Juan,* 172 DPR 840, 848 (2007); *García v. Padró,* 165 DPR 324, 331-332 (2005); *U.S. Fire Insurance Co. v. A.E.E.,* 151 DPR 962, 967 (2000). Una sentencia adjudica las controversias de un caso si define los derechos de las partes y contra ella puede incoarse un recurso de apelación. *Id.,* pág. 967.

En reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha resuelto que, "si un tribunal dicta una resolución, pero ésta verdaderamente pone fin a la controversia entre las partes, la resolución referida constituye una sentencia final de la cual puede interponerse un recurso de apelación. *Banco Santander v. Fajardo Farms Corp.,* 141 DPR 237, 244 (1996).

Sabemos que el nombre *no* hace la cosa, por ello es necesario examinar la determinación del foro de instancia para asegurarnos si esta constituye una resolución revisable, mediante *certiorari* o si se trata de una sentencia, la cual es apelable. *Johnson & Johnson v.*

*Mun. de San Juan, supra,* pág. 848; *García v. Padró, supra,* pág. 333. No es muy difícil concluir que existe una diferencia conceptual categórica entre una "resolución" y una "sentencia". Ninguna de las dos constituyen un término genérico dentro del cual pueda entenderse comprendida la otra específicamente. *Una resolución pone fin a un incidente dentro del proceso judicial, mientras una sentencia pone fin a la controversia entre las partes mediante una adjudicación final ... U.S. Fire Ins. Co., v. AEE,* supra, pág. 967.

Ahora bien, la labor de clasificar un dictamen como resolución o sentencia resulta un tanto más complejo en aquellos casos que entrañan reclamaciones o partes múltiples. A veces dentro de un procedimiento de esta naturaleza se hace innecesario esperar a resolver todas las reclamaciones y el tribunal puede dictar sentencia sobre una u otra de las reclamaciones sin necesidad a esperar a que esté en condiciones de dictar sentencia sobre todas las reclamaciones. *Id.*

Cónsono con lo anterior, la Regla 42.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3, establece el mecanismo procesal que tienen a su disposición los tribunales en este tipo de caso para dictar sentencia. La referida regla dispone lo siguiente:

> Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, **siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito,** y siempre que ordene expresamente que se registre sentencia.
>
> **Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final** para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2.

La referida regla establece el mecanismo procesal que tienen a su disposición los tribunales cuando en un pleito de múltiples reclamaciones o múltiples partes se dicta sentencia para adjudicar menos del total de las reclamaciones o de los derechos u obligaciones de menos de la totalidad de las partes. Es decir, esta regla permite darle finalidad a una sentencia parcial que únicamente resuelva los derechos de una de las partes en un pleito. *García v. Padró*, supra; *U.S. Fire Insurance Co. v. AEE*, supra, a la pág. 968; *Camaleglo v. Dorado Wings*, 118 DPR 20 (1986).

En otras palabras, para que se entienda que un tribunal ha dictado una sentencia parcial final, según la Regla 42.3, *supra*, ésta debe concluir expresamente que no existe razón para posponer el dictamen de una sentencia sobre la reclamación y tiene que haber ordenado expresamente que esta se registre y archive la sentencia. *Johnson & Johnson v. Mun. de San Juan*, supra, pág. 849; *U.S. Fire Ins. Co. v. AEE.*, supra, págs. 968-969. Ausente ambos requisitos, cualquier orden o forma de decisión que adjudique menos de la totalidad de las partes, no finaliza el pleito y se entiende que se trata de una resolución interlocutoria. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 95 (2008).

Expuesta la normativa jurídica procedemos a disponer del recurso ante nuestra consideración.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado. Veamos.

Al escudriñar ponderadamente el expediente ante nuestra consideración, incluyendo la *Sentencia* apelada, nos percatamos de que, a pesar de que el 11 de enero de 2024, el foro primario dio por sometida para su resolución, la sentencia sumaria incoada por la

parte apelante el **28 de diciembre de 2023**, lo cierto es que, procedió a dictar *Sentencia* sin haber adjudicado misma.

Como mencionamos previamente, una lectura del dictamen emitido el foro primario nos conduce inexorablemente a concluir que dicho foro solamente adjudicó la moción de sentencia sumaria interpuesta por la señora Díaz Maldonado. Si bien es cierto que en la *Sentencia* apelada el Juzgador de primera instancia hizo una mención escueta a una *moción* presentada el 28 de diciembre de 2023 por la parte apelante, no incluyó el título de la aludida moción ni adjudicó la misma. Esta particularidad procesal, convierte el dictamen intitulado *Sentencia* en uno interlocutorio, que no tiene el efecto de dar finalidad al pleito, pues no se adjudicaron la totalidad de las controversias y mociones de las partes.

Habida cuenta de que los planteamientos esbozados por la parte apelante en su moción de sentencia sumaria presentada el 28 de diciembre de 2023, van a la médula de la controversia que nos ha sido planteada, el foro primario *viene obligado* a adjudicar la misma. Ello, siguiendo los parámetros y directrices que han sido establecidas tanto por la Regla 36.4 de Procedimiento Civil, *supra* como por la normativa jurisprudencial que gobierna el mecanismo procesal de la sentencia sumaria.

**IV**

Por los fundamentos que anteceden, se devuelve el caso al foro primario para que proceda a atender y adjudicar la moción de sentencia sumaria interpuesta por la parte apelante el 28 de diciembre de 2023. Consecuentemente, se desestima el recurso por haber sido presentado el mismo de forma prematura.

Lo anterior no es óbice para que una vez el foro primario disponga de la sentencia sumaria interpuesta por la parte apelante ante dicho foro, de así interesarlo, dicha parte recurra nuevamente ante este Tribunal dentro del término jurisdiccional para ello.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones